## SECOND DEPARTMENT, OCTOBER, 1976

### (October 5, 1976)

■ In the Matter of LEO BRADSPIES, an Attorney, Respondent. JOINT BAR ASSOCIATION GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.—In this proceeding to discipline respondent, an attorney, upon

charges of misconduct, respondent has moved for leave to resign as a member of the Bar. Respondent was admitted to the Bar by the Appellate Division, First Judicial Department, on October 30, 1934. The charges against him are, *inter alia,* as follows: (1) Respondent appropriated the sum of $1,000, which he received in escrow, and has failed to account for it or to return it upon proper demand for same. (2) Respondent has retained the sum of $735 belonging to a client, which he has failed to account for or to return. (3) Respondent has failed to co-operate with the petitioner's grievance committee in its investigation of the above-mentioned complaint. (4) Respondent has failed to communicate with and respond to the inquiries of a client and with the substituted counsel of that client in connection with the prosecution of various claims. (5) Respondent has failed to diligently prosecute a commission claim on behalf of a client and failed to advise the client of an order of preclusion and failed to properly avoid such order. (6) Respondent failed to co-operate with the petitioner's grievance committee in its investigation of the above-mentioned complaint. (7) Respondent personally guaranteed payment of a judgment owed by another, payment of which was defaulted. (8) Respondent failed to co-operate with petitioner's grievance committee in its investigation of the above-mentioned complaint. (9) Respondent wrongfully released a bank account of a client held under a restraining notice without first securing payment of a certain judgment, in violation of an escrow agreement, and delayed an attempt to secure a judgment against him based upon his violation of the escrow agreement. (10) Respondent failed to interpose a written answer with regard to the above-mentioned complaint. (11) Respondent failed to properly represent a client in the defense of certain small claims actions, which resulted in judgments being taken against the client. (12) Respondent failed to co-operate with petitioner's grievance committee in the investigation of the above-mentioned complaint. (13) Respondent failed to pay a bill for services in a timely fashion. (14) Respondent, after giving assurances of the payment of the debt of a corporation of which he was a principal, failed to make proper payment and tendered notes and checks which were returned by reason of insufficient funds. (15) Respondent, as attorney, executed an agreement to secure a release of lien and falsely furnished assurances that moneys had been set aside for the purpose of satisfying the lien, and he issued two post-dated corporate checks to extinguish the debt, the first of which was paid after being defaulted and the second of which was never paid. By order of this court dated July 24, 1975 the proceeding was referred to Honorable Victor J. Orgera, to hear and report. After a hearing, Mr. Justice Orgera submitted his report, in which he concluded, *inter alia,* that the charges set forth above had been sustained. Respondent, in his affidavit dated August 30, 1976, acknowledges that he could not successfully defend himself on the merits against the charges. Under the circumstances herein, respondent's resignation as a member of the Bar is accepted and directed to be filed; and it is ordered that his name be struck from the roll of attorneys and counselors at law, effective forthwith. Gulotta, P. J., Martuscello, Latham, Cohalan and Margett, JJ., concur.